888 F.2d 1385
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
ARMCO STEEL CORPORATION, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS COMPENSATION PROGRAM, UNITED
STATES DEPARTMENT OF LABOR, Leroy Graley, Estate
of Leroy Graley, Mina Fay Graley, widow
of Leroy Graley, Respondents.
 No. 89-2732.
 United States Court of Appeals, Fourth Circuit.
 Submitted Sept. 26, 1989.
Decided Oct. 23, 1989.
 
 Ray Edmond Ratliff, Jr., on brief for petitioner.
 Barbara J. Johnson, Sylvia Theresa Kaser, Steven D. Breeskin, Lawrence W. Rogers, Donald Steven Shire, U.S. Department of Labor, Linda Meekins, Benefits Review Board, George Daniel Blizzard, II, SHAFFER & Shaffer, on brief for respondents.
 Before K.K. HALL and MURNAGHAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 We start here with what the parties agree on, for when we have done so only a relatively small area of disagreement remains. Leroy Graley commenced, and after his death his widow continued to prosecute, his claim for black lung benefits. The Administrative Law Judge entered an order awarding benefits. It was affirmed by the Benefits Review Board and Armco Steel Corporation, as the employer, has appealed.
 
 
 2
 The parties have agreed that the interim presumption was properly invoked in Graley's favor under 20 C.F.R. Sec. 727.203(a)(1), which provides:
 
 
 3
 A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis ... if ... [a] chest roentgenogram (x-ray) ... establishes the existence of pneumoconiosis....
 
 
 4
 The case, therefore, comes down to whether there has been, as a matter of law, rebuttal of the interim presumption under 20 C.F.R. Sec. 727.203(b)(2) and 20 C.F.R. Sec. 727.203(b)(3), which in pertinent part provide:
 
 
 5
 In adjudicating a claim under this subpart, all relevant medical evidence shall be considered. The presumption in paragraph (a) of this section shall be rebutted if:
 
 
 6
 * * *
 
 
 7
 * * *
 
 
 8
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work ...; or
 
 
 9
 (3) The evidence establishes that the total disability ... of the miner did not arise in whole or in part out of coal mine employment....
 
 
 10
 That Graley was totally disabled was a finding of the ALJ, rational and supported by substantial evidence; i.e., he was unable to do his usual coal mine work.
 
 
 11
 The employer admitted total disability following not less than 28 years of underground coal mine employment but asserted that that was legally insufficient to justify an award of benefits, if the pneumoconiosis did not cause the disability.[1] The employer further showed that the medical evidence established that there was no impairment of Graley's capacity to work from his occupational pneumoconiosis, and from a pulmonary standpoint Graley could continue to work at his usual occupation. The question, consequently, resolves itself into whether Graley's total disability is established by the evidence as not to have arisen "in whole or in part out of coal mine employment."
 
 
 12
 In that respect Sykes v. Director, OWCP, 812 F.2d 890 (4th Cir.1987), is illuminating. It indicates that no inquiry into causation was proper in the consideration of a proffered (b)(2) rebuttal and that total disability for whatever reason precludes rebuttal under (b)(2).
 
 
 13
 Without probing how far the reasoning of Sykes extends, we can observe that ability vel non to perform coal mine work does not necessarily provide an answer to what was the source of the disease, in whole or in part. Dr. Uy, as Graley's treating physician, opined, and the ALJ accepted, that Graley's occupational pneumoconiosis caused him to suffer from shortness of breath which prevented his carrying heavy objects, climbing hills or stairways, or walking long distances. Graley's disability thus could be and was found at least in part that it could arise out of coal mine employment whether or not the pneumoconiosis interfered with his job performance.
 
 
 14
 Is it likely that a man with 28 years of underground mine employment could be thought to relate to anything else than his coal mine employment as the source of his pneumoconiosis, regardless of what caused his admitted total disability? The burden of persuasion was, of course, on the employer, and its deficiency lies in the lack of proof that Graley's total disability did not, even partially, arise from coal mine employment. As held in Bethlehem Mines Corporation v. Massey, 736 F.2d 120, 123 (4th Cir.1984), "the employer must rule out the causal relationship between the miner's total disability and his coal mine employment in order to rebut the interim presumption ... [under] Sec. 727.203(b)(3)."
 
 
 15
 The fact that the employer elicited medical testimony that Graley's heart disease was not in any way related to dust exposure left unanswered whether the pneumoconiosis, though it did not of itself prevent Graley's continuing to work, could have, in part, caused his total disability to have arisen out of coal mine employment.
 
 
 16
 Having reviewed briefs of the parties and the record in the case, and having found them adequate and sufficient to reach decision, we have dispensed with oral argument.
 
 
 17
 AFFIRMED.
 
 
 
 [1]
 The employer states in his brief: "However, the medical record supports a finding that claimant is totally disabled by his heart disease and resultant heart attack."